UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Montrell Russum,<br><br>              Petitioner<br><br>v.<br><br>Hutchinson, et al.,<br><br>              Respondents | Case No. 2:24-cv-01017-CDS-DJA<br><br>**Order Appointing Counsel<br>and Denying Respondents' Motion to<br>Dismiss Without Prejudice**<br><br>[ECF No. 22] |

      This habeas action is brought by petitioner Montrell Russum under 22 U.S.C. § 2254. Respondents filed a motion to dismiss Grounds 1(A), 1(B), 1(C), 2, 4, and 5 as duplicative, unexhausted, not cognizable and/or conclusory. ECF No. 22. For the reasons discussed below, I grant Russum's request for appointment of counsel and deny the respondents' motion to dismiss without prejudice.

I.    **Background**

      Russum challenges a 2019 judgment of conviction and sentence imposed by the Eighth Judicial District Court. ECF No. 13-25. A jury found Russum guilty of conspiracy to commit robbery, first degree murder with use of a deadly weapon, and robbery with use of a deadly weapon. *Id*. The state district court sentenced Russum to 20 years to life with parole in addition to a consecutive term of 7 to 20 years for the deadly weapon enhancement. *Id*. The Supreme Court of Nevada affirmed the judgment of conviction on direct appeal. ECF No. 14-1.

      Russum filed a pro se state habeas petition seeking post-conviction relief. ECF No. 14-8. The Nevada Court of Appeals affirmed the state court's denial of relief. ECF No. 14-43. Russum initiated this federal habeas proceeding pro se. ECF No. 6. The petition indicates that another inmate, Anthony Bailey, wrote the petition and Bailey signed the petition. *Id*. at 18. Russum did not sign or verify the petition.

Respondents move to dismiss Grounds 1(A), 1(B), 1(C), 2, 4, and 5 as duplicative, unexhausted, not cognizable and/or conclusory. ECF No. 22. Respondents also moves the Court to direct Russum to submit a document verifying that he attests to the contents of the petition under penalty of perjury. *Id.* at 1. In his opposition, Russum requests the appointment of counsel. ECF No. 23 at 13.

## II.   Discussion

Having reviewed the briefing on the respondents' motion to dismiss and in consideration of Russum's request for appointment of counsel (ECF No. 23 at 10–11, 13) as well as the lengthy sentence structure, I conclude that the just course is to appoint counsel. Given the potential procedural obstacles Russum's situation presents, request for appointment of counsel accordingly is granted. Respondents' motion to dismiss is denied without prejudice to the respondents filing a renewed motion to dismiss following a scheduling order.

## III.   Conclusion

I therefore order that the respondents' motion to dismiss **[ECF No. 22] is denied without prejudice** so the respondents can file a renewed motion to dismiss following a scheduling order.

I further order that Federal Public Defender is provisionally appointed as counsel and will have until 30 days to undertake direct representation of petitioner or to indicate the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, I will appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 90 days from entry of the formal order of appointment.

I further order that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely

presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

      I further kindly order that the Clerk of the Court send a copy of this order to the pro se petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

Dated: December 2, 2025

_____
Cristina D. Silva
United States District Judge